```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.: 15-61607-Civ-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
```

ADAM CARRASCO,

    Petitioner,

v.                                                  REPORT OF
                                              MAGISTRATE JUDGE
JULIE L. JONES,

    Respondent.
_____/

Introduction

Adam Carrasco, a state prisoner currently confined at the Cross City Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions for attempted first degree murder and possession of a firearm during the commission of a felony entered following a jury verdict in Broward County Circuit Court, case no. 2003-001021-CF10A.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the petition, it is evident the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2254 Proceedings.

---

[1] Rule 4 of the Rules Governing Section 2254 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

Petitioner has not paid the Clerk of Court's $5.00 filing fee, nor has he filed a motion to proceed in forma pauperis ("IFP"). For purpose of judicial economy, notwithstanding this legal insufficiency, since the petitioner is subject to summary dismissal, no order requiring the fee or IFP motion is being entered.

The Court has reviewed the petitioner's habeas petition (DE#1),[2] as well as, the on-line state trial court criminal docket, located at www.clerk-17th-flcourts.org, together with appellate court dockets, assigned case nos. 4D04-163 (Direct Appeal), 4D09-3213 (Rule 3.850 Appeal), and 4D13-1671 (Denial State Habeas Corpus Petition), which can be found at www.4dca.org, and the Florida Supreme Court's on-line dockets, located at http://www.floridasupremecourt.org/.[3]

Procedural History

Petitioner was convicted of attempted first degree murder and possession of a firearm during the commission of a felony following a jury verdict. He was adjudicated guilty and sentenced to a total term of 40 years imprisonment as to the attempted murder offense and 15 years as to the possession offense. (DE#1; See also Corrections Offender Network, Inmate Population Information Detail, located at www.dc.state.fl.us). His judgment of conviction was affirmed on appeal on March 2, 2005. Carrasco v. State, 901 So.2d 136 (Fla. 4 DCA 2005)(table). Rehearing was denied on **May 18, 2005.**

---

[2]The court may take judicial notice of its own records in habeas proceedings. See McBride v. Sharpe, 25 F.3d 962, 969 (11th Cir. 1994); Allen v. Newsome, 7985 F.2d 934, 938 (11th Cir. 1986).

[3]The court takes judicial notice of these dockets. See Fed.R.Evid. 201; see also, United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts).

In case no. FSC05-989, the Florida Supreme Court dismissed petitioner's request for discretionary review for lack of jurisdiction on June 7, 2005. Carrasco v. State, 906 So.2d 1058 (Fla. 2005)(table).

Arguably, since petitioner's discretionary review was dismissed for lack of jurisdiction, it may not serve to toll the federal limitations period for purposes of determining when petitioner's conviction became final. However, assuming that the judgment of conviction was, in fact, tolled until **June 7, 2005**, when review was dismissed by the state's highest court, then petitioner had an additional 90 days from the conclusion of discretionary review to timely file a petition for a writ of certiorari in the United States Supreme Court. Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 646 (2012).[4] Therefore, his judgment became final at the latest on **Monday, September 5, 2005**,[5] ninety

---

[4] In applying the Supreme Court's Gonzalez opinion to this case, the petitioner here is not entitled to the 90-day period for seeking certiorari review with the United States Supreme Court, because after his judgment was affirmed on direct appeal, petitioner did not attempt to obtain discretionary review by Florida's state court of last resort-the Florida Supreme Court, nor did he seek rehearing with the appellate court. See Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)(holding that conviction becomes final upon expiration of time for seeking direct review); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). See also Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006)(holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court). In other words, where a state prisoner, who pursues a direct appeal, but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. Gonzalez, __ U.S. ___, 132 S.Ct. 641 (2012).

[5] For purposes of 28 U.S.C. §2244(d)(1)(A), where a state prisoner does not seek discretionary review in the state's highest court of the decision of the intermediate appellate court, the judgment becomes "final" for purposes of

days following the conclusion of his direct appeal, when time expired for doing so. For purposes of this order, the undersigned has utilized this later date.

Review of the state court's on-line trial docket reveals that approximately **6 months** after his conviction became final, the petitioner returned to the state court filing his first Rule 3.850 motion for post-conviction relief on **December 9, 2005.** The motion was denied, and the denial was affirmed on appeal on **April 28,**

---

§2244(d)(1)(A) on the date the time for seeking such review expires. Courts were initially split on when a judgment becomes final in the event the state prisoner did not seek discretionary review in the state's highest court of the intermediate state appellate court's decision. In Gonzalez v. Thaler, 132 S.Ct. 641 (2012), the U.S. Supreme Court resolved the split in circuits, explaining that scouring each state's laws and cases to determine how the state defined finality would contradict the uniform meaning of "conclusion of direct review" accepted by the Court in prior cases. The Court further rejected the argument that the limitations period does not commence running until the expiration of the 90-day period for filing a petition for writ of certiorari, where the petitioner does not seek review in the state's highest court. Id. The Supreme Court explained that it can only review judgments of a "state court of last resort" or of a lower state court if the "state court of last resort" has denied discretionary review. See Gonzalez v. Thaler, 132 S.Ct. 641 (2012)(citing Sup.Ct.R. 13.1 and 28 U.S.C. §1257(a)).

The Eleventh Circuit has yet to revisit the issue since Gonzalez. However, some courts to have discussed Gonzalez have found it to be distinguishable as applied to Florida cases, because the Supreme Court of Florida does not have jurisdiction to review a district court's *per curiam decision* without written opinion on direct appeal. See Jackson v. State, 926 So.2d 1262, 1266 (Fla. 2006)(Florida Supreme court holding that it does not have jurisdiction to review "unelaborated per curiam decisions issued by a district court of appeal."). These courts have determined that the filing of a petition for writ of discretionary review with the Supreme Court of Florida would have been futile. In other words, petitioner's who convictions are *per curiam* affirmed without opinion on direct appeal, need not seek discretionary review with the Florida Supreme Court, since the intermediate appellate court is the "state court of last resort." Further, those courts have also granted petitioner's an additional 90 days from the time the intermediate appellate court affirmed the judgment or denied rehearing, representing the time in which Petitioner could have filed a petition for writ of certiorari with the Supreme Court of the United States, but failed to do so. See e.g., Flynn v. Tucker, 2012 WL 4863051 (S.D.Fla. 2012)(stating that because the Florida Supreme Court lacked jurisdiction to review an appeal of the Third DCA's opinion and such an appeal would have been futile, Petitioner's only other avenue of review was to file a petition for writ of certiorari with the United States Supreme Court within ninety days after entry of judgment)(unpublished); Sierra v. Crews, 2014 WL 1202990 (N.D. Fla. 2014)(unpublished)(same); Gilding v. Sec'y, Dep't of Corr's, 2012 WL 1883745, *2 n.6 (M.D.Fla. 2012)(unpublished)(same).

4


**2010**, Carrasco v. State, 35 So.3d 36 (Fla. 4 DCA 2010)(table). The mandate issued on **July 2, 2010**. The Florida Supreme Court entered an order dismissing petitioner's request for discretionary review on **July 13, 2010**. Carrasco v. State, 42 So.3d 233 (Fla. 4 DCA 2010)(table).

While the above post-conviction proceeding was pending, petitioner filed a state habeas corpus petition with the trial court. The habeas petition was denied, and that denial subsequently affirmed on appeal on **June 11, 2014**. Carrasco v. State, 142 So.3d 900 (Fla. 4 DCA 2014). Rehearing and rehearing *en banc* were denied on **August 15, 2014**. The mandate issued on **February 27, 2015**. It bears mentioning that if, as noted on the state trial docket, this habeas petition was denied based on the state's response, which argued that it should be dismissed as successive, unsworn, and legally insufficient, then the time during which it was pending would not serve to toll the federal one-year limitations period. However, for purposes of this Report, the Undersigned will assume, without deciding, that the period has been tolled.

Petitioner's request for discretionary review was dismissed on **May 27, 2015**, by the Florida Supreme Court for lack of jurisdiction. Carrasco v. State, ___ So.3d ___, 2015 WL 3422089 (Fla. 2015)(table). Arguably, the dismissal of discretionary review by the Florida Supreme Court was not a properly filed post-conviction proceeding, and thus did not toll the federal one-year limitations period during its pendency.

While the foregoing proceeding was pending before the appellate court, the petitioner returned to the trial court on **February 23, 2015**, filing a motion to vacate his sentence, which remains pending as of August 6, 2015. On **July 14, 2015**, the state

5

was ordered to file a response to the motion within 90 days. No further proceedings appear to be pending in the trial or appellate courts.

During the pendency of the above motion, the petitioner has come to this court, filing the instant federal habeas petition, in accordance with the mailbox rule, on **July 31, 2015**, when it signed and handed the petition over to prison authorities for mailing.[6] (DE#1:1). As is evident from the procedural history above, there appears to have been less than one year during which no post-conviction proceedings were pending thus making this federal petition timely. It bears mentioning that this court has been generous in computing the untolled time to exclude those state court post-conviction proceedings which were not properly filed. In other words, the court granted statutory tolling of the federal limitations period during pendency of all state and appellate court proceedings, regardless of whether they were properly filed.

### Discussion-Timeliness

Since petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act

---

[6]"Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

The petitioner has subsequently attached the declaration pages to his form petition which he says were inadvertently omitted from filing. Even when generously considering that the filing of this habeas petition was done on November 5, 2013, as suggested, this federal petition remains untimely filed.

6

("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[7] See 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus...."). Since there was less than one year of untolled time during which no state court proceedings were pending, it appears that this federal petition is timely.

## Discussion

Petitioner raises as a sole ground for relief that his convictions are violative of his due process rights, because he is actually innocent of the crimes for which he was convicted. Petitioner is apparently raising a freestanding claim of actual innocence. A claim of actual innocence standing alone, without an independent constitutional violation, does not warrant post conviction relief. House v. Bell, 547 U.S. 518, 537-539 (2006) (explaining that actual innocence is a gateway for review of

---

[7]The statute provides that the limitations period shall run from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

defaulted constitutional claims; it is not to be confused with the standard for sufficiency of evidence, as an actual innocence claim involved evidence the jury did not have before it); Jordan v. Secy. Dep't of Corr's, 485 F.3d 1351, 1353-54 (11th Cir.), *cert. denied*, 552 U.S. 979 (2007)(bare claim of actual innocence does not establish a basis for habeas corpus relief in non-capital cases; it must be asserted as a gateway to review of a constitutional claim). Further, to demonstrate "actual innocence," a petitioner must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner has offered no new evidence not previously considered by the state courts during trial and during the post-conviction proceedings. As he has throughout his petition, he attacks the credibility of the state witnesses and the reliability of the evidence presented. Impeaching evidence alone cannot supply the basis for a new trial. See generally United States v. Schlei, 122 F.3d 944, 991 (11th Cir. 1997). See also Taylor v. State, 3 So.3d 986, 993 (Fla. 2009)(stating that when determining whether newly discovered evidence compels a new trial, trial court should consider whether the evidence goes to the merits of the case or whether it constitutes impeachment evidence).

Further, to the extent that petitioner intends by this ground to challenge the sufficiency of the evidence against him, that claim is meritless. See Jackson v. Virginia, 443 U.S. 307 (1979). By petitioner's own filing, it is clear that he is challenging the sufficiency of the evidence which revealed that he was involved in an altercation with his brother Oscar Carrasco, which resulted in Oscar being shot and suffering brain damage.

Petitioner, however, asserts here that he is actually and factually innocent, stating it was his brother Fidel and Oscar who were involved in the altercation. He further claims there was no physical evidence linking him to the firearm, stating the prosecution's evidence was totally circumstantial. He suggests the only fingerprints on the firearm were those of his brother Fidel, as confirmed from an excerpt of testimony adduced at trial establishing that the only prints on the gun that were recovered were, in fact, Fidel's.

However, Fidel, petitioner's brother, testified at trial that on the day of the incident, January 17, 2003, he drove home from work and saw his brothers and various friends hanging out in a parking lot near the apartment complex where he lived. Fidel, could not recall exact details of the incident, but did remember that an argument ensued between petitioner, his brother Oscar, and Oscar's friend. Fidel denied telling police in a statement on January 17, 2003 that petitioner jumped Oscar's friend. Fidel admitted to giving inconsistent statements regarding the threats he heard petitioner make, but did testify that he observed petitioner in possession of a firearm at the time of the incident. While Fidel could not recall getting in between petitioner and Oscar when the argument escalated that night, or trying to get petitioner to leave, he did recall petitioner walking towards his apartment door. He also could not remember if petitioner reached around him to try to shoot their brother Oscar. However, he did recall calling an ambulance for his brother Oscar. Fidel further testified he could not recall whether he tried to wrestle the firearm from the petitioner that evening, and did not recall ever touching the weapon. The victim, Oscar testified that, as a result of the argument with petitioner, he was "brain damaged" from the shooting, which has impacted his memory. He testified that on the day of the

9

shooting, there were numerous people hanging out, having a couple of beers, including the petitioner, his brother Fidel, and Oscar's friends. On this record, it is evident that the jury believed the testimony of the state's witnesses. Petitioner's argument of actual innocence here fails. He is not entitled to habeas corpus relief.

### Evidentiary Hearing

To the extent petitioner requests an evidentiary hearing on this matter, the request must be denied. To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Sec'y Fla. Dep't of Corr's, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what postconviction counsel did and failed to do came close to the serious attorney misconduct that was present in Holland, instead, were at most allegations of garden variety negligence or neglect).  If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a

certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied on the merits, that a certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 7th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Adam I. Carrasco, Pro Se
     DC#L49671
     Cross City Correctional Institution
     Inmate Mail/Parcels
     568 NE 255th Street
     Cross City, FL 32628

     Noticing 2254 SAG Broward and North
     Email: CrimAppWPB@MyFloridaLegal.com

12